# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6772 | **DATE** | 12/23/2003 |
| **CASE TITLE** | William Husko vs. Geary Electric, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Husko's motion to remand (6-1) is granted .The Clerk of the Court is directed to transfer the above cause of action to the Circuit Court of Lake County, Illinois. Any pending motions are (4-1, 4-2, 5-1, 5-2) are moot. The ruling date of 12/30/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | **DEC 2 3 2003** | | |
| | Notified counsel by telephone. | | date docketed | | 17 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 12/23/2003 | | |
| GL | courtroom deputy's initials | | date mailed notice GL | | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | | |

WILLIAM HUSKO,                                )
                                              )
            Plaintiff,                        )
                                              )
    v.                                        )       Case No. 03 C 6772
                                              )
GEARY ELECTRIC, INC., an Illinois corporation )
and AXIAN COMMUNICATIONS, INC., f/k/a         )
PEGASUS COMMUNICATIONS, INC.,                 )
a Florida corporation,                        )
                                              )
            Defendants.                       )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

William Husko filed a complaint against Geary Electric, Inc., (hereinafter "Geary") and Axian

Communications, Inc., (hereinafter "Axian") in the Circuit Court of Lake County, Illinois on August 11,

2003. On September 25, 2003, the defendants removed the case to this court on the basis of federal

question jurisdiction, alleging that one of Husko's claims raised state law issues that were completely

preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Husko filed a motion to remand, arguing that this court lacks subject matter jurisdiction because federal

preemption does not apply to his claim.[1] For the reasons set forth below, we remand the case back to

the Circuit Court of Lake County, Illinois.

---

[1] The defendants also filed a motion to dismiss, or in the alternative to transfer venue to the Southern District of Florida, as well as a motion to compel their previously agreed upon dispute resolution process. Because we find that there is no subject matter jurisdiction over Husko's claims, this court does not rule on any of these motions.

1

## BACKGROUND

Geary is an Illinois corporation that installs electrical power systems and performs maintenance for telecommunications companies. Before May 31, 2000, Husko owned half of Geary's outstanding shares. (Compl. ¶ 4.) On that date, Husko entered into an agreement with Axian, pursuant to which Husko agreed to sell his interest in Geary in exchange for $3.3 million, over 1 million shares of common stock in Axian, and a bonus payment calculated according to a formula set forth in the sales contract. (Compl. ¶ 6.) Husko alleges that Axian never paid him the agreed upon bonus even though it came due on April 13, 2003.

Husko filed a four-count complaint against Axian and Geary. Count I alleges breach of contract for failure to pay the bonus. Count II requests rescission of the sales contract's non-compete provisions on the ground that Axian never paid the bonus. Count III requests a declaration that a credit agreement, signed by Axian after it entered into the sales contract with Husko, does not prohibit Axian from paying the agreed upon bonus to Husko. Finally, Count IV deals with a portion of the sales contract between Axian and Husko in which Axian agreed to contribute money into Geary's employee pension plan. Specifically, the contract states that Axian will "provide, or cause to be provided with respect to the [non-union Geary employees participating in the plan] retirement benefits at a cost to [Axian] of no less than $15,000, for each calendar year from the Closing Date until December 31, 2002." Husko alleges that the promised payments were never made and thus requests specific performance of this provision of the sales contract.

## ANALYSIS

A federal court is required to remand an action to state court if it lacks subject matter jurisdiction over the action. 28 U.S.C. § 1447(c). In their notice of removal, the defendants contend that this court has federal question jurisdiction over Count IV of Husko's complaint because, although that count is

2

labeled as a claim for specific performance of a common law contract, Husko seeks relief regarding a plan that is subject to regulation under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA).

This court has federal question jurisdiction over Husko's case if Count IV[2] "arises under" the laws of the United States. 28 U.S.C. § 1331 ("The district courts shall have jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States") (emphasis added).[3] Because a plaintiff is considered the master of his complaint, a cause of action generally only "arises under" federal law where the federal cause of action appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts."). In other words, unless a plaintiff affirmatively puts his federal cause of action in his complaint, a federal court normally may not hear his claim (at least on the basis of federal question jurisdiction). In this case, Husko has not pled any federal cause of action on the face of his complaint, so the well-pleaded complaint rule does not confer jurisdiction.

There is an exception, however, to the well-pleaded complaint rule. The United States Supreme Court has observed that a plaintiff may not always get around the imposition of federal jurisdiction by simply omitting the citation of federal causes of action from his complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983). Thus, the Supreme Court has said that where "a federal

---

[2]The parties agree that none of the three remaining counts presents a federal question, but that the court may assert supplemental jurisdiction over those counts if this court finds that it has federal question jurisdiction over Count IV.

[3] Jurisdiction cannot be based on diversity between the parties because both the plaintiff, Husko, and one of the defendants, Geary, are citizens of Illinois.

3

cause of action *completely preempts[4]* a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 24 (citing *Avco Corp. v. Aero Lodge No. 735 Int'l Ass'n of Machinists,* 390 U.S. 557 (1968)) (emphasis added). In the context of removal actions, this means that, even where the plaintiff has not specified a federal cause of action in his complaint, a defendant may remove a case to federal court if the underlying basis of the plaintiff's claim is completely preempted by federal law.

Pursuant to this rule, the defendants may remove Husko's claim regarding the pension plan to this court if there is a federal cause of action that completely preempts the state contract claim that Husko raises in his complaint. The defendants argue that this court has federal question jurisdiction because Husko's state law contract claim is completely preempted by ERISA. The parties do not contest that the pension plan in question is governed by ERISA in some respects. The question is whether complete preemption by ERISA extends to Husko's allegation that Axian failed follow through on its contractual promise to deposit money into the Geary pension plan.

The Supreme Court in *Metropolitan Life Ins. Co. v. Taylor* held that ERISA completely preempts state law only where a plaintiff has brought a claim that is subject to § 502(a) of ERISA.[5] (§ 502(a) is

---

[4]The Supreme Court has noted that *complete* preemption does not apply in every case where federal law in some way preempts state law. The Supreme Court has drawn a line between complete preemption and what it calls "conflict preemption." *See Rice v. Panchal,* 65 F.3d 637, 639-41 (7th Cir. 1995) (discussing the difference between complete preemption and conflict preemption). Conflict preemption occurs where the claim "requires application of the federal law." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3722.1 (1998). Conflict preemption does not constitute grounds for removal, however, because state courts are generally capable of applying federal law when necessary. It is only where a cause of action is *completely* preempted by federal law that a defendant may remove a case to federal court on preemption grounds. *Id.*

[5]The defendants disagree that this is the proper statement of ERISA's complete preemption test. They rely on 29 U.S.C. § 1144, which states that the provisions of ERISA

4

codified at 29 U.S.C. § 1332(a)); *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1487 (7th Cir. 1996). Section 502(a) is a provision which confers a federal cause of action upon certain people to enforce the terms of ERISA plans. Specifically, the provision lists a number of people, including participants, beneficiaries and fiduciaries to a plan covered by ERISA who may bring an action to enforce or clarify rights due under a plan or to remedy a breach of fiduciary duty relating to a plan.[6] The Seventh Circuit has formulated a three-part test for determining whether an action falls within the scope of § 502(a) and thus is completely preempted by ERISA. Those factors are: 1) whether the plaintiff is eligible to bring a claim under § 502(a); 2) whether the plaintiff's "cause of action falls within the scope

---

"shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." Based on this language, the defendants argue that this court has removal jurisdiction over any case that "relates to" a pension plan. Defendants' statement of the law is incorrect. Although *conflict* preemption occurs where a case "relates to" a benefit plan, much more is required for complete preemption. *See Jass, v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1487 (7th Cir. 1996) (discussing the difference between conflict preemption and complete preemption in the ERISA context). The Supreme Court has clearly held that removal is proper only in a narrow set of specifically delineated cases where "Congress [has] so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co.,* 481 U.S. at 63-64. In the ERISA context, the Supreme Court has stated that complete preemption only applies to cases enforceable under § 502(a). *Id.* Thus, defendants' brief provides an inaccurate statement of the law.

[6] Section 502(a) is entitled "Persons empowered to bring a civil action." The portions of the statute that are relevant to this case state that "[a] civil action may be brought —
    (1)    by a participant or beneficiary —
        (A)    for the relief provided for in subsection (c) of this section, or
        (B)    to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
    (2)    by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title [dealing with breach of fiduciary duty];
    (3)    by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

5

of an ERISA provision that the plaintiff can enforce via § 502(a);" and 3) whether the plaintiff's "state law claim cannot be resolved without an interpretation of the contract governed by" ERISA. *Jass*, 88 F.3d at 1487 (citing *Rice v. Panchal*, 65 F.3d 637, 641-47 (7th Cir. 1995)).

Defendants may not remove Husko's action because they cannot show that the claim satisfies all three requirements of the *Jass* test. The first element of the test requires us to inquire whether Husko is one of the parties to which § 502(a) confers standing. The Supreme Court has stated that "[t]he express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties . . . as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes." *Franchise Tax Bd.*, 463 U.S. at 21. Those parties specifically empowered by § 502(a) to bring suit include plan participants, beneficiaries, fiduciaries, and employers. Husko argues that removal is improper because he is "simply the seller of stock in a company" who is trying to enforce his sales agreement and thus is not a participant, beneficiary, fiduciary or employer within the meaning of § 502(a). (Motion to Remand at 4.) Defendants respond that this court has jurisdiction because Husko is a participant in Axian's benefit plan for *union* employees. (Def.'s Opp'n to Motion to Remand at 3.) The defendants reason that, since Husko is a "participant' in a plan, he is eligible to bring a claim under § 502(a). As Husko points out, however, Axian's alleged promise to pay retirement benefits in the sales contract is directed only toward *non-union* employees. (Reply in Support of Motion to Remand at 2.) In other words, Husko is not a participant in the pension plan at issue in this case. The defendants make no other arguments as to why Husko is eligible to bring a claim under § 502(a). Because they are unable to allege that Husko may bring a claim under § 502(a), either as a beneficiary, fiduciary, or employer, defendants fail on the first element of the test announced by the Seventh Circuit in *Jass*.

The second prong of the *Jass* test requires that removal of an action is only proper if the plaintiff would be able to obtain the relief that he seeks by bringing a cause of action under § 502(a). The

6

defendants have not shown that Husko's claim meets this element because there is no evidence that Husko could use § 502(a) to obtain specific performance of his sales contract with Axian. Section 502(a) is meant to assist plaintiffs seeking to enforce or clarify their rights under an ERISA plan. The textbook example of the type of claim that may be brought under § 502(a) is one by a beneficiary who believes he has been wrongfully denied benefits under an ERISA plan. *See Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000) (noting that complete preemption did not apply where plaintiffs were not seeking to collect benefits under a pension plan but instead were pursuing a state tort claim). A claim brought by a group of beneficiaries requesting that a court provide clarification regarding benefits entitled to them under a plan would also clearly fall under § 502(a). *See* 502(a)(1)(b) (providing that a participant or beneficiary may bring an action "to clarify his rights to future benefits under the terms of the plan").

Turning to the facts of this case, the sales contract entered into between Axian and Husko states that Axian will "provide, or cause to be provided, with respect to the Continuing Employees, retirement benefits at a cost to [Axian] of no less than $15,000" per year for a specified period of time. (Compl. at Ex. A, § 5.3.) In their Memorandum in Opposition to Motion to Remand, the defendants urge the court to find § 502(a) applicable to Husko's claim for specific performance based on the language in the sales agreement indicating that Axian will "provide ... retirement benefits." The defendants reason that, like a plan participant who has brought a claim for recovery of improperly denied benefits, Husko's action falls under § 502(a) because it is an action about providing "retirement benefits." Defendants' analogy glosses over the true nature of the benefits promised by Axian in the sales contract. The contract does not provide that the retirement benefits would go directly into the hands of employees. The contract only states that the benefits would be paid *"with respect to"* certain employees. (Compl. at Ex. A, § 5.3) (emphasis added). The terms of the plan itself provide that payments such as those

7

promised by Axian are to be deposited into a pension plan trust fund and not paid out to employees until

one of the events triggering payment of benefits enumerated in the plan itself occurs. (Compl. at Ex. F.)

In other words, Husko's complaint does not request that benefits be distributed from a pension plan

directly to beneficiaries. Rather, he has filed an action to ensure that, pursuant to the sales contract,

payments are made into a trust account that is governed by a plan. *See Monarch Cement Co. v. Lone*

*Star Indus., Inc.,* 982 F.2d 1448 (10th Cir. 1992) (holding that an action was not preempted by ERISA

where plaintiff alleged that a party responsible for contributing a share of pension benefits into a pension

plan had failed to pay).

The essence of Hukso's claim is a traditional state law contract dispute. Husko entered into a

contract with Axian for the sale of his shares in Geary. One of the provisions of the contract provides

that Axian shall pay money into a pension plan. Husko alleges that Axian did not do what it promised

to do and therefore seeks relief available to him under state law, namely specific performance of the

contract. As such, it is unclear how § 502(a) could help him obtain the common law contractual relief

that he requests.

The final element of the Seventh Circuit's ERISA complete preemption test requires that the

plaintiff's cause of action cannot be resolved without reference to the terms of the pension plan itself.

*See Bartholet v. Reishauer,* 953 F.2d 1073, 1073 (7th Cir. 1992) ("[A] complaint reciting that the

claim depends on the common law of contracts is *really* based on the Employee Retirement Income

Security Act (ERISA) if the contract in question is a pension plan."). In this case, the defendants

have not alleged that it is necessary for the court to consider the Geary pension plan in order to

determine whether to award Husko specific performance of his sales contract with Axian. There are

no direct references to the terms of pension plan in the portions of the sales contract cited by the

parties, nor are the payments that Axian allegedly agreed to provide contingent upon the interpretation of any part of the pension plan contract. Because the defendants have failed to satisfy all three of the prongs of the *Jass* test, they have failed to demonstrate that Husko's claim is completely preempted by ERISA. Without complete preemption, this court lacks subject matter jurisdiction over any of Husko's claims.

## CONCLUSION

For the foregoing reasons, Husko's Motion to Remand is granted and the case shall be remanded back to the Circuit Court of Lake County, Illinois. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated ___12/23/03___