# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6772 | **DATE** | 5/7/2004 |
| **CASE TITLE** | William Husko vs. Geary Electric, Inc., et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for attorney's fees and actual expenses [18-1] is granted in the amount of $31,629.33. Judgment is hereby entered in favor of Plaintiff William Husko and against Defendants Geary Electric, Inc., and Axian Communications, Inc. jointly and severally, in the amount of $31,629.33. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | **MAY 10 2004** | |
| | Notified counsel by telephone. | date docketed | **30** |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 5/7/2004 | |
| ✓ | Copy to judge/magistrate judge. | date mailed notice | |
| DK | courtroom deputy's initials | DK | |
| | | mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

MAY 1 0 2004

| | | |
|---|---|---|
| **WILLIAM HUSKO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03 C 6772** |
| | ) | |
| **GEARY ELECTRIC, INC.,** | ) | |
| **an Illinois corporation, and** | ) | **Magistrate Judge Morton Denlow** |
| **AXIAN COMMUNICATIONS, INC.,** | ) | |
| **f/k/a PEGASUS** | ) | |
| **COMMUNICATIONS, INC.,** | ) | |
| **a Florida corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff William Husko ("Plaintiff") seeks to recover attorney's fees and actual expenses incurred as a result of the improper removal of this action from state court to federal court by Defendants Geary Electric, Inc. and Axian Communications, Inc. (collectively "Defendants"). This case was remanded to Illinois state court by Judge Marvin E. Aspen who rejected Defendants' argument that there was federal question jurisdiction by reason of ERISA preemption. *Husko v. Geary Electric, Inc.*, No. 03-C6772, 2003 U.S. Dist. LEXIS 23122, at *15 (N.D. Ill. Dec. 23, 2003). For the reasons stated herein, the Court awards Plaintiff $31,629.33 for attorney's fees and actual expenses pursuant to 28 U.S.C. § 1447(c).

*30*

## II. BACKGROUND FACTS

Plaintiff once owned half of the outstanding shares of Geary Electric, Inc. ("Geary"), an Illinois corporation that installs electrical power systems and performs maintenance for telecommunications companies. *Husko*, 2003 U.S. Dist. LEXIS 23122, at *2. On May 31, 2000, Plaintiff entered into an agreement with Axian Communications, Inc. ("Axian"), agreeing to sell to Axian his interest in Geary in exchange for $3.3 million, over one million shares of common stock in Axian, and a bonus payment calculated according to a formula set forth in a sales contract. *Id.* Plaintiff alleges that Axian never paid him the agreed upon bonus, which was due to him on April 12, 2003. *Id.* at *2-3.

As a result of the non-payment, Plaintiff filed a four-count complaint against Defendants in the Circuit Court of Lake County, Illinois. *Id.* at *1, 3. The complaint sought the following: (1) damages for breach of contract, (2) rescission of the sales contract's non-compete provision, (3) a declaration that a credit agreement between the parties does not prohibit Axian from paying the agreed upon bonus, and (4) specific performance of payments of retirement benefits into Plaintiff's employee pension plan. *Id.* at *3.

Defendants removed the case to federal court on September 25, 2003, alleging federal question jurisdiction because Count IV of Plaintiff's complaint was completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff filed a motion to remand, arguing a lack of subject matter jurisdiction because federal preemption did not apply to his claim. *Id.*

In granting Plaintiff's motion to remand, Judge Aspen applied the Seventh Circuit's three-part *Jass* test for determining whether an action is completely preempted by ERISA. *Id.* at *9-10. Section 502(a) of ERISA is the basis for the *Jass* test and defines those persons who are empowered to bring a civil action under ERISA. 29 U.S.C. § 1132(a). The elements of the *Jass* test are as follows: (1) whether a plaintiff is eligible to bring a claim under § 502(a); (2) whether that plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by ERISA. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996). Judge Aspen concluded that Defendants failed to satisfy all three prongs of the *Jass* test and remanded the case to the Circuit Court of Lake County, Illinois. *Husko*, 2003 U.S. Dist. LEXIS 23122, at *15. Judge Aspen also noted that Defendants' argument, asserting that removal jurisdiction exists pursuant to 29 U.S.C. § 1144, was an incorrect statement of the law because § 1144 deals with conflict preemption and not complete preemption. *Id.* at *8 n.5. The Supreme Court clearly has held that removal is proper only in cases involving complete preemption under § 502(a) codified at 29 U.S.C. § 1132(a). *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

As a result of Defendants' improper removal of Plaintiff's claim, Plaintiff now seeks attorney's fees and actual costs totaling $32,729.33. The parties have consented to this Court's jurisdiction to decide this issue pursuant to 28 U.S.C. § 636(c)(1).

Plaintiff's motion for attorney's fees and actual expenses raises the following three issues:

1)    Whether Plaintiff's motion was timely filed?

      Answer: Yes.

2)    Whether Plaintiff is entitled to an award of attorney's fees and expenses under 28 U.S.C. § 1447(c)?

      Answer: Yes.

3)    If so, what constitutes a reasonable award of attorney's fees and expenses?

      Answer: $31,629.33.

The Court will address each issue in turn.

## III.    PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES WAS NOT WAIVED AND WAS TIMELY FILED.

When a case is remanded because a district court lacks subject matter jurisdiction to hear the case, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Plaintiff made no request for attorney's fees at the time he moved for a remand before Judge Aspen. The order remanding the case was entered on December 23, 2003. Plaintiff filed his motion for attorney's fees and expenses twenty-three days later on January 15, 2004. Defendants contend that Plaintiff's motion should be denied because (1) he waived the motion by failing to request attorney's fees at the time he filed his motion for remand, or alternatively, (2) he did not timely file his motion, because he did not file it within fourteen days of Judge Aspen's order of remand.

## A. PLAINTIFF DID NOT WAIVE HIS RIGHT TO REQUEST ATTORNEY'S FEES AND ACTUAL EXPENSES.

Defendants argue that Plaintiff waived his right to request attorney's fees or actual expenses when he failed to make any mention or request for fees at the time he filed his motion to remand on October 24, 2003, citing *Graft v. Alcoa*, No. 1:02-cv01848-JDT-TAB, 2003 WL 1984347, at *5 (S.D. Ind. Apr. 4, 2003) (declining to award costs and expenses to the plaintiffs because (1) the plaintiffs did not request relief in their motion to remand, and (2) because, even if the plaintiffs had requested relief, the defendants had a reasonable belief that removal was appropriate).

Plaintiff was not required to request attorney's fees and actual expenses as part of his motion to remand because district courts retain jurisdiction to consider collateral matters after remand and attorney's fees may be awarded under a separate order from the order remanding the case. *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000). In *Hotline*, the Seventh Circuit rejected the argument that the fee award had to be included in the very same order remanding the case. *Id. See also, Citizens For a Better Environment v. The Steel Co.*, 230 F.3d 923, 926 (7th Cir. 2000) ("In particular a court may lack authority to resolve the merits of a claim yet have jurisdiction to award costs and attorney's fees to the prevailing party.")

## B. PLAINTIFF'S MOTION WAS TIMELY FILED.

Defendants argue that Plaintiff's motion was untimely under Fed. R. Civ. P. 54(d)(2)(b) because it was not filed within fourteen days of the remand order. Any claim for

attorney's fees and related nontaxable expenses shall be made by motion within fourteen days of the entry of judgment, unless otherwise provided by statute or order of the court. Fed. R. Civ. P. 54(d)(2)(A)-(B). The motion must specify the judgment and the statute entitling the moving party to the award and it must state the amount sought or provide a fair estimate of that amount. Fed. R. Civ. P. 54(d)(2)(B).

Northern District of Illinois Local Rule 54.3(b) gives the moving party ninety days after entry of a judgment to file a motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), unless the court's order includes a different schedule for such filing. N.D. Ill. L.R. 54.3. A court may enter an order with respect to the filing of a fee motion pursuant to Federal Rule 54 either before or after entry of judgment. *Id.* If the court has not entered such an order before a motion is filed pursuant to Federal Rule 54(d)(2)(B), then after the motion is filed, the court may order the parties to comply with the procedure set out in Local Rule 54.3 as a post-filing rather than as a pre-filing procedure. *Id.*

The order remanding this case to state court was entered on December 23, 2003. Plaintiff filed his motion for attorney's fees and actual expenses twenty-three days later on January 15, 2004. This filing was in accordance with the ninety-day filing requirement set forth in Local Rule 54.3(b). The district court's remand order did not contain a different schedule for filing, and the fourteen-day limit set forth in Federal Rule of Civil Procedure 54(d)(2)(B) is inapplicable because the Local Rule is an order of the court. *See* Fed. R. Civ. P. 54(d)(2)(B) ("Unless otherwise provided by statute *or order of the court,* the motion must

be filed and served no later than 14 days after entry of judgment." (emphasis added)).

Therefore, Plaintiff's motion was timely filed.

## IV. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND EXPENSES UNDER 28 U.S.C. § 1447(c).

### A. THE STATUTE AS AMENDED

28 U.S.C. § 1447(c) was amended in November 1988. Judicial Improvements and Access to Justice Act of 1988, Pub. L. 100-702, § 1016, 102 Stat. 4669; *Tenner v. Zurek*, 168 F.3d 328, 329 (7th Cir. 1999). Prior to the amendment, § 1447(c) authorized a district court upon remand to award "just costs," but not attorney's fees, to the party resisting removal. As a result, most courts declined to award attorney's fees unless there was a demonstration of bad faith on the part of the removing party. *See Miranti v. Lee*, 3 F.3d 925, 927 n.2 (5th Cir. 1993). The 1988 amendment to 28 U.S.C. § 1447(c) created an explicit authorization for the award of attorney's fees: "An order remanding the case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal." The amendment removed the need to show bad faith to recover attorney's fees. *Tenner*, 168 F.3d at 330. However, bad faith still may be considered as a factor in awarding fees, because "Congress has unambiguously left the award of fees to the discretion of the district court." *Id.*

### B. THE CASE LAW

The Seventh Circuit has adopted the following analysis in applying 28 U.S.C. § 1447(c). First, when removal is improper, a plaintiff presumptively is entitled to an award

7

of fees. *Hart v. Wal-Mart Stores, Inc.*, 360 F.3d 674, 678 (7th Cir. 2004). Second, this presumption is rebuttable. *See id.* at 677. Third, the appropriateness of a fee award involves reviewing the merits of the remand order, and an award of attorney's fees will be denied if the remand order was improper. *Id.* Fourth, the Court has a broad discretion in deciding whether to award fees. *Sirotzky v. N.Y. Stock Exch.*, 347 F.3d 985, 987 (7th Cir. 2003).

## C.    APPLICATION OF STANDARDS

Plaintiff is presumptively entitled to an award of attorney's fees and expenses, but this presumption is rebuttable. Plaintiff will not be awarded attorney's fees if Judge Aspen's remand order was improper or if Defendants' basis for removal was itself reasonable. *See Castellanos v. U.S. Long Distance Corp.*, 928 F. Supp. 753, 757 (N.D. Ill. 1996) (denying costs and attorney's fees because defendants presented a valid jurisdictional question); *Markham v. Vancura*, No. 02-C50096, 2002 WL 1291807, at *3 (N.D. Ill. June 11, 2002) ("The court may exercise its discretion based on the propriety of removal."). However, there was nothing improper in Judge Aspen's remand order, and Defendants' basis for removal was premised on inaccurate statements of the law.

### 1.    Judge Aspen's Remand Order

Judge Aspen remanded Plaintiff's case because all of Plaintiff's claims were state law claims, none of which were completely preempted by ERISA. *Husko*, 2003 U.S. Dist. LEXIS 23122, at *14-15. Because a plaintiff is considered the master of his complaint, a cause of action generally only "arises under" federal law where the federal cause of action

appears on the face of plaintiff's well-pleaded complaint. *Id.* at *4. This is called the well-pleaded complaint rule. An exception to the well-pleaded complaint rule arises when a plaintiff has omitted the citation of federal causes of action from his complaint. A federal cause of action that completely preempts a state cause of action constitutes a cause of action that arises under federal law, and therefore is a basis for federal jurisdiction even if such argument was not raised in a plaintiff's well-pleaded complaint. *Id.* at *5-6. ERISA completely preempts state law only where a plaintiff has brought a claim that is subject to § 502(a) of ERISA. *Id.* at *7 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 64-65 (1987)).

Judge Aspen noted that Defendants inaccurately stated that complete preemption can be based on 29 U.S.C. § 1144, which codifies ERISA § 514(a). *Id.* at *8 n.5. However, 29 U.S.C. § 1144(a) involves conflict preemption, which occurs when a case "relates to" a benefit plan. *Id.* Conflict preemption is different from complete preemption because conflict preemption is nothing more than an affirmative defense that does not trump the well-pleaded complaint rule. *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). When a claim is subject to conflict preemption under § 514(a) of ERISA, it merely serves as a defense to a state law action, but does not provide a basis for remand. *Id.* The United States Supreme Court has stated that ERISA complete preemption applies *only* to cases enforceable under § 502(a). *Taylor*, 481 U.S. at 63-64.

9

Therefore, because complete preemption is possible only under § 502(a) of ERISA, Judge Aspen analyzed Plaintiff's claims using the three-part *Jass* test, which determines whether an action falls within the scope of § 502(a). Judge Aspen concluded that Defendants would not be allowed to remove Plaintiff's action because they failed to satisfy all three prongs of the *Jass* test. *Husko*, 2003 U.S. Dist. LEXIS 23122, at *15. Plaintiff was not a participant in the pension plan, he could not use § 502(a) to obtain specific performance of his sales contract (which was the relief he sought), and it is not necessary for the court to consider the pension plan in order to determine whether to award Plaintiff specific performance of his sales contract. *Id.* at *11, *15.

### 2. Defendants' Basis for Removal Was Unreasonable and Was Premised Upon Misstatements of the Law.

Defendants argued that Plaintiff's case was properly removable to federal court because "The Seventh Circuit Has Established that Any Action that 'Relates to' an ERISA Plan Creates a Federal Question and is Therefore Subject to Removal." Def. Remand Opposition Memo. at 5. This statement is incorrect. Defendants first cite to *Bartholet v. Reishauer A.G.*, 953 F.2d 1073 (7th Cir. 1992), claiming that "the Seventh Circuit has provided a clear test for removal under ERISA preemption. If the action 'relates to' an ERISA Plan, it is completely preempted." Def. Remand Opposition Memo. at 5. Defendants further contend that *Bartholet* holds that "the proper test for complete preemption and removal is whether the action 'relates to' an ERISA Plan." *Id.*

10

In *Bartholet*, the Seventh Circuit stated that a complaint containing a claim depending on the common law of contracts is actually based on ERISA if that contract is a pension plan. *Bartholet*, 953 F.2d at 1075. The court explained that a suit based on the difference between a pension promised by contract and the pension established by an actual pension plan "relates to" the pension plan, thus falling within the scope of ERISA § 514(a). *Id.* at 1077. However, *Bartholet* does not state that because a claim "relates to" ERISA it is automatically completely preempted. Although it is true that ERISA applies to cases where claims "relate to" pension plans, this proposition does not equate to complete preemption to permit removal to federal court. This Court acknowledges that the *Bartholet* decision is difficult to comprehend and may appear to support Defendants' theory of jurisdiction. However, the later Seventh Circuit decisions in *Jass* and *Rice* clarify the distinction between "conflict preemption" and "complete preemption."

Defendants also cite *Dranchak v. Akzo Nobel, Inc.*, 88 F.3d 457 (7th Cir. 1996), for the proposition that contracts specifying levels of pension and welfare benefits fall within the domain of federal law. Def. Remand Opposition Memo. at 7. Defendants conclude that because Plaintiff's case contains a claim for specific performance to provide retirement benefits under a section of the Contribution Agreement that specifies levels of pension benefits, there is a federal law issue that "relates to" the ERISA Pension Plan and therefore was removed properly. *Id. Dranchak* is not on point because it does not involve the issue of removal jurisdiction. Rather, the case was filed in federal court and the issue decided was

whether federal law or state law should govern the rule of decision. *Id.* at 459-60.

Defendants claim that Seventh Circuit case law stands for the proposition that any action that "relates to" an ERISA plan may be removed, yet current Seventh Circuit case law specifically states that this proposition is incorrect. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) and *Rice v. Panchal*, 65 F.3d 637, 639-40 (7th Cir. 1995). In *Rice*, the Seventh Circuit stated that "conflict preemption" merely serves as a defense to a state law claim and does not confer federal question jurisdiction. Section 514(a) of ERISA is the conflict preemption statute preempting any state law that "relates to" an ERISA plan. *Id.* at 645; *see also* 29 U.S.C. § 1144(a). However, § 514(a) preemption is not *complete* preemption, and the Seventh Circuit concluded that complete preemption under § 502(a) creates federal question jurisdiction while conflict preemption under § 514(a) does not. *Rice*, 65 F.3d at 640. Conflict preemption merely requires that a state court apply federal laws.

The Seventh Circuit decided a case after both *Bartholet* and *Dranchak* that reached the same conclusions as *Rice*. In *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 (7th Cir. 1996), the Seventh Circuit stated that preemption under § 514(a) of ERISA, known as "conflict preemption," is a defense to a state law claim. The court also thoroughly discussed the complete preemption exception to the well-pleaded complaint rule and reiterated the distinction between § 502(a) complete preemption and § 514(a) conflict preemption. *Id.* at 1486-87. It then laid out the three factors relevant in determining whether

12

a claim falls within the scope of § 502(a) and is thus completely preempted by federal law. *Id.* at 1487. The law in the Seventh Circuit is very clear on this point. Complete preemption can overcome the well-pleaded complaint rule and is grounds for removal to federal court. Conflict preemption is simply an affirmative defense to a state law claim that a defendant may argue in state court. When a claim "relates to" an ERISA plan, there is conflict preemption under § 514(a) of ERISA, which does not warrant removal to federal court. 29 U.S.C. § 1144(a). These principles are made clear in *Rice*, 65 F.3d at 639-40 and *Jass*, 88 F.3d at 1487-88.

In the exercise of discretion, this Court finds this to be an appropriate case for the award of attorney's fees and actual expenses because Defendants did not rebut the preemption that fees should be awarded. They did not meet even one of the three standards under the *Jass* test and ignored the important difference between "complete preemption" and "conflict preemption" in their arguments to Judge Aspen. In fact, Defendants made no mention of either the *Jass* or *Rice* decisions in their brief opposing the motion to remand.

## C. THE PROPER AMOUNT OF ATTORNEY'S FEES AND ACTUAL EXPENSES

### 1. Total Amount of Fees to be Awarded

Plaintiff has filed two fee petitions and an oral request for additional fees in the total amount of $34,379.33. Plaintiff's first fee petition in the amount of $27,240.99 seeks $23,320.00 in attorney's fees for 84.8 hours of work by attorney John J. Foley at a rate of $275.00 per hour, plus $3,920.99 for actual expenses incurred for Westlaw research. Pl.

13

Mot. Ex. 1. Plaintiff's second fee petition in the amount of $5,488.34 seeks $5,335.00 in attorney's fees for 19.4 hours of work by attorney John J. Foley at a rate of $275.00 per hour, plus $153.34 for actual expenses incurred for Westlaw research. Pl. Reply Memo. Ex. 4. At the time of the oral argument before the Court, Plaintiff orally requested an additional $1,650.00 for six hours of work by Mr. Foley for the preparation and court appearances involved in connection with this motion.

Defendants claim that the amount of Plaintiff's attorney's fees should be reduced because the hourly rate and time spent was unreasonable. In addition, Defendants contend that Plaintiff should not be compensated for responding to two motions filed by Defendants in federal court while the motion to remand was pending. For the following reasons, the Court awards Plaintiff the following fees and actual expenses:

First fee petition:

| | |
|---|---|
| 74.8 hours at $275 per hour . . . . . . . . . . . . . | $ 20,570.00 |
| Westlaw research . . . . . . . . . . . . . . . . . . . . . . | 3,920.99 |

Second fee petition:

| | |
|---|---|
| 19.4 hours at $275 per hour . . . . . . . . . . . . . | 5,335.00 |
| Westlaw research . . . . . . . . . . . . . . . . . . . . . . | 153.34 |

Oral request:

| | |
|---|---|
| 6 hours at $275 per hour . . . . . . . . . . . . . . . . | $ 1,650.00 |
| TOTAL | $ 31,629.33 |

2. **Appropriateness of Hourly Rate Charged by Plaintiff's Attorney for Work Performed**

This Court has reviewed Plaintiff's fee petitions and finds the hourly rate of $275.00 per hour for Plaintiff's counsel, John J. Foley, an attorney with thirty years of litigation experience, to be reasonable. The Court also finds that his decision to perform all of the work on this case without the benefit of associates to be efficient and proper. The Court has reviewed the time records and finds the services to be necessary and appropriate and that the result achieved was successful. The Court has adjusted Plaintiff's request by subtracting 10 hours of work in accordance with one of the objections raised by Defendants as discussed in section 3 below.

Defendants claim that the amount of Plaintiff's attorney's fees must be reduced because the hourly rate and the time spent on each task are unreasonable. Defendants cite two cases in which the amount of attorney's fees awarded was significantly lowered from the plaintiff's original request. In *Bebble v. National Air Traffic Controllers' Ass'n*, No. 00-C4055, 2001 WL 1286794, at *3 (N.D. Ill. Oct. 23, 2001), the court inquired into the reasonableness of the requested fees and concluded that the hourly rate charged was excessive for the routine work being performed. The court also noted that not enough detail was given regarding what specifically was researched by the attorney and that no explanation was given as to why a less experienced attorney could not have performed the research. *Id.* Thus, the court held that the reasonable rate for an attorney supervising such routine work should be $200 per hour and not $350 per hour. *Id.*

In *Marros v. Naperville Family Physicians, Inc.*, No. 01-C2297, 2002 WL 370207, at *2 (N.D. Ill. Mar. 8, 2002), the court stated that the hourly rate charged by the plaintiff's attorney was excessive for the majority of work performed and that no explanation was given by the plaintiff as to why a less experienced attorney could not have performed these tasks. The court also noted that the plaintiff's fee petition failed to state exactly what issues had been researched by the attorney. *Id.* Therefore, the court significantly reduced the amount of attorney's fees awarded from the plaintiff's original request. *Id.* at *3.

Plaintiff's Motion for Attorney's Fees and Actual Expenses in this case contains the information that was missing in both *Bebble* and *Marros*. In Plaintiff's motion, he provides an affidavit from his attorney, John J. Foley, specifying Mr. Foley's legal experience, his normal hourly rate, and a breakdown of the hours Mr. Foley worked in connection with Defendants' removal attempt, listing the specific tasks performed. Pl. Mot. Exs. B, 1. Also, in Plaintiff's reply memo, Mr. Foley provided a supplemental affidavit explaining the reasons why he personally performed all of the work in Plaintiff's case. Pl. Reply Memo. Ex. C. He stated that he is a partner in a five-lawyer firm and is the only attorney whose practice is exclusively devoted to civil litigation. *Id.* Mr. Foley specified the amount of time he spent on each task in connection with preparing for Defendants' motions. *Id.* Plaintiff also has produced the specific breakdowns for all Westlaw research conducted and an additional breakdown of tasks performed by Mr. Foley since the original motion was filed. Pl. Reply Memo. Exs. 1-4. The amount of attorney's fees and actual expenses requested by Plaintiff are reasonable and are supported by considerable evidence.

16

### 3. Attorney's Fees and Actual Expenses Incurred in Preparation for Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue and Defendants' Motion to Stay and Compel Dispute Resolution Process

After Defendants removed Plaintiff's claim to federal court, they filed a motion to dismiss, or in the alternative, to transfer the case to the Southern District of Florida, pursuant to Federal Rule of Civil Procedure 12(b)(3). Def. Mot. to Dismiss at 1. Defendants stated in their motion that "[b]ecause there is federal question jurisdiction under [ERISA] . . . , this matter must be litigated in the United States District Court for the Southern District of Florida." *Id.* at 2. That motion was based on federal law and, by Defendants' own admission, was proper only if ERISA gave this Court federal question jurisdiction. Defendants can not bring this same motion in state court because the Federal Rules of Civil Procedure and the United States Code sections are inapplicable in state court. Therefore, all work done by Plaintiff in opposing these motions was work done "as a result of removal," and should be included in the actual expenses incurred by Plaintiff because of Defendants' improper removal attempt.

Even if Defendants plan on filing a motion to dismiss in state court, the grounds for dismissal would be based on state law principles. Therefore, Plaintiff's work in opposing Defendants' federal motion to dismiss or to transfer would not be applicable to a motion brought by Defendants in state court. Plaintiff is therefore entitled to actual expenses, including attorney's fees, for all work done in opposing Defendants' motion to dismiss and motion to transfer.

17

Defendants also filed a motion to stay and to compel the agreed upon binding dispute resolution process pursuant to Federal Rule of Civil Procedure 12(b)(1). Def. Mot. to Stay at 1. The Parties' dispute resolution agreement is enforceable under the Federal Arbitration Act, and if the motion is re-filed in state court, the motion will be substantially the same because of its basis in federal law. Therefore, as discussed in the oral argument, ten hours of Plaintiff's attorney's fees accrued in preparation for this motion will not be awarded.

Significantly, Plaintiff requested Defendants to stipulate to entering and continuing these additional motions in order to defer briefing until Judge Aspen had ruled on the motion to remand. Defendants refused. Pl. Reply Ex. C. Defendants cannot now be heard to complain that Plaintiff incurred fees, when Defendants could have avoided those fees by stipulating to a deferral of the briefing schedule.

## V. CONCLUSION

Plaintiff's motion for attorney's fees and actual expenses was timely filed and the amount of attorney's fees and actual expenses requested was reasonable and fully documented. Defendants have failed to rebut the presumption that attorney's fees and actual expenses should be awarded to Plaintiff pursuant to 28 U.S.C. § 1447(a).

**For the reasons set forth in this opinion, Plaintiff's motion for attorney's fees and actual expenses is granted in the amount of $31,629.33. Judgment is hereby entered in favor of Plaintiff William Husko and against Defendants Geary Electric, Inc., and Axian Communications, Inc., jointly and severally, in the amount of $31,629.33.**

**SO ORDERED THIS 7th DAY OF MAY, 2004.**

_Morton Denlow_

**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

Copies mailed to:

John J. Foley
MAURIDES & FOLEY, L.L.C.
2 North LaSalle Street
Suite 1900
Chicago, IL 60602

Counsel for Plaintiff

John A. Ybarra
D. Chad Anderton
LITTLER MENDELSON, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601

Counsel for Defendant

# United States District Court
## Northern District of Illinois
### Eastern Division

William Husko

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 03 C 6772

Geary Electric, Inc., et al.

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Judgment is hereby entered in favor of Plaintiff William Husko and against Defendants Geary Electric, Inc., and Axian Communications, Inc. jointly and severally, in the amount of $31,629.33.

Michael W. Dobbins, Clerk of Court

Date: 5/7/2004

Donna Kuempel, Deputy Clerk